# United  States Bankruptcy Court

# District of Massachusetts

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Haverhill Technology Group, Inc., | ) | Case No. 03-43988-JBR |
| _____Debtor_____ | ) | |
| REPUBLIC BANK, INC. and TETRA FINANCIAL | ) | |
| GROUP, L.L.C. | | |
| PLAINTIFFS, | ) | |
| v. | ) | Adversary Proceeding 06-4197 |
| DAVID M. NICKLESS, | ) | |
| DEFENDANT. | ) | |
| | ) | |

### MEMORANDUM OF DECISION ON MOTION OF TETRA FINANCIAL GROUP, L.L.C. FOR SUMMARY JUDGMENT [#106]

This matter came before the Court for hearing on the Motion of Tetra Financial group, L.L.C. for Summary Judgment [#106] and the opposition of the Defendant, David M. Nickless thereto [#122].  For the reasons set forth herein, Tetra's motion for summary judgment on the Defendant's cross claim for contribution (Docket #90) is DENIED.

**FACTS**

The facts are more fully set forth in Memorandum of Decision on the Motion of Republic Bank, Inc. For Summary Judgment issued contemporaneously herewith.  For the purposes of this decision it is sufficient to say that Tetra joined in Republic's suit against the Defendant, who was the Chapter 11 Trustee and now is the Chapter 7 Trustee of the above Debtor, alleging that the

Trustee violated his fiduciary duty to the Plaintiffs, was negligent in authorizing certain actions

which harmed the Plaintiffs, and converted the Plaintiffs' property.  The Trustee cross-claimed

against Tetra seeking contribution under M.G.L. c. 231B in the event that the Trustee were found

liable on the grounds that Tetra's actions were the cause, or partially the cause, of any harm

suffered by Republic.  Tetra filed its Motion for Summary Judgment, which may have more

correctly been denominated a motion to dismiss, on the basis that contribution among joint

tortfeasors is impermissible under Utah law, which Tetra alleges governs the contribution

question, and therefore the Trustee's cross-claim must be denied.  Tetra is wrong as a matter of

law.[1]

**DISCUSSION**

     DOES UTAH LAW APPLY?

     Bankruptcy Courts apply the forum state's choice of laws when underlying issues involve

questions of state law.  *Mercurius Inv. Holding, Ltd. v. Aranha*, 247 F.3d 328 (1st Cir. 2001).

Massachusetts' choice of laws turn on question of which jurisdiction has the "strongest interest"

in the issue presented, which in torts is generally, but not always, the place of injury.  *See*

*Schulhof v. Northeast Cellulose, Inc.*, 545 F. Supp. 1200 (D. Mass. 2000) (applied NH law where

parties were domiciled rather than Massachusetts law which is where the injury occurred).

     Tetra argues that Republic was injured in Utah by, according to Nickless, Tetra's failure

to investigate the transaction and both Republic and Tetra are Utah businesses.  Nickless argues

Massachusetts law applies because Tetra and Republic assert tort claims arising under

---

    [1]As noted, Tetra's motion turns solely on its interpretation of Utah law.  There are no
material facts in dispute as the issue of whether Utah law applies is irrelevant to the decision.

2

Massachusetts law,[2] against a Massachusetts resident for his conduct (all of which occurred here in Massachusetts) as a bankruptcy trustee for a Massachusetts company in a Massachusetts bankruptcy.

Although at first blush, there is a strong interest in applying Massachusetts law, which clearly permits contribution among joint tortfeasors, M.G.L. c. 231B § 1 *et seq.*, the Court need not decide which law applies at this point in the litigation because Tetra is wrong in its characterization of Utah's law of contribution.

UTAH ALLOWS FOR CONTRIBUTION AMONG JOINT TORTFEASORS BY APPORTIONING LIABILITY.

Utah is a comparative negligence state. U.C.A. 1953 § 78B-5-818 (formerly cited as UT ST § 78-27-38). A defendant's liability is limited to only his share of the fault and thus Utah does not have contribution in the same manner as Massachusetts. U.C.A. 1953 § 78B-5-820 (formerly cited as UT ST § 78-27-40). But that does not mean that joint tortfeasors not named as defendants in the underlying action are absolved from responsibility or that a named defendant must shoulder the burden for all the joint tortfeasors. Tetra neglects to mention U.C.A. 1953 § 78B-5-821 (formerly cited as  UT ST § 78-27-41) which expressly provides in pertinent part:

> (1)  A person seeking recovery, or any defendant who is a party to
> the litigation, may join as a defendant, in accordance with the Utah
> Rules of Civil Procedure, any person other than a person immune
> from suit alleged to have caused or contributed to the injury or
> damage for which recovery is sought, for the purpose of having
> determined their respective proportions of fault.

Although Utah prohibits a separate action for contribution, Tetra may be joined in the

---

[2]Although the actually counts are silent as to whether the counts are based on Utah or Massachusetts law, the prayer for relief for each of the 6 counts requests prejudgment interest pursuant to Massachusetts law.

underlying action to determine its degree of fault.  U.C.A. 1953 § 78B-5-821(1) (formerly cited as  UT ST § 78-27-41(1)).  *See also National Service Indust., Inc. v. B.W. Norton Manufacturing Co.*, 315 Utah Adv. Rep. 30, 937 P.2d 555 (Utah App. 1997).  That is precisely what the Defendant has done.  He has cross-claimed against Tetra and asked this Court, should it reach the merits of this action and determine that the Defendant is liable, to apportion fault as appropriate between the Defendant and Tetra.

**CONCLUSION**

For the foregoing reasons, Tetra's Motion for Summary Judgment is DENIED.  A separate Order will issue.

Dated: August 27, 2008

*Joel B. Rosenthal*

Joel B. Rosenthal
United States Bankruptcy Judge